FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

2013 OCT 10 P 4: 24

| | |
|---|---|
| **Audi of America, an unincorporated business unit of Volkswagen Group of America, Inc.** ) ) ) ) **Plaintiff,** ) ) v. ) ) **APR, LLC** ) ) **Defendant.** ) ) ) | Civil Action No.: 1:13CV1274 GBL/TRJ |

## COMPLAINT

Plaintiff Audi of America, an unincorporated business unit of Volkswagen Group of America, Inc. ("Audi"), by counsel, states as follows for its complaint against Defendant APR, LLC ("APR").

1. Audi is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Herndon, Virginia.

2. APR, LLC is a limited liability company organized under the laws of the State of Alabama, with its principal place of business in Auburn, Alabama.

3. On or about December 19, 2011, Audi sold to APR a vehicle Type Audi R8 GRAND-AM US Special Version with VIN AS42A0FGAM120450 (the "Vehicle").

4. In 2012 and 2013, Audi sold to APR parts and equipment for the Vehicle. APR owes Audi not less than $122,052.87, exclusive of interest and costs, for parts and equipment sold to APR.

5. This lawsuit is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claim occurred in this District.

7. Venue is also proper in this Court because the parties agreed to adjudicate any disputes "in any way related to the Vehicle or the relationship of the parties ... in the state or federal courts having primary jurisdiction in Fairfax County, Virginia," and the parties agreed to submit themselves to the jurisdiction of this Court for purposes of adjudicating such disputes.

8. The Court has personal jurisdiction over the parties because Audi's principal place of business is located in this District and because the parties agreed to submit themselves to the personal jurisdiction of this court for purposes of adjudicating disputes relating to the Vehicle or the relationship of the parties. APR has sufficient minimum contacts to support this Court's personal jurisdiction over it because APR and Audi entered into contracts in this District, APR placed orders with Audi for parts and equipment in this District, and representatives of APR and

Audi have engaged in multiple phone conversations and email exchanges in this District regarding the matters at issue in this lawsuit.

9. Audi and APR entered into a contract detailing the terms and conditions under which Audi would sell to APR parts and equipment for the Vehicle. The contract provides that payment is due in full within 14 days of the invoice date. The contract further provides that late payments will result in the assessment of interest on unpaid amounts.

10. In 2012 and 2013, Audi delivered to APR parts and equipment for the Vehicle pursuant to 14 separate invoices.

11. Audi from time to time voluntarily issued certain credits on these invoices, and APR from time to time made certain payments on these invoices. APR has not paid all remaining amounts due, however.

12. All invoices on which amounts are owed are now past due by at least 30 days.

13. Exclusive of interest, APR owes Audi $122,052.87 for parts and equipment, as detailed on the various invoices from Audi to APR.

14. Audi has performed all the terms and conditions required of it under the contract and/or is otherwise excused from performance because of APR's breaches of its obligations to Audi.

## COUNT I – BREACH OF CONTRACT

15. The allegations in paragraphs 1-14 are incorporated by reference as if fully set forth herein.

16. APR has breached its contract with Audi with respect to the delivery of parts and equipment for the Vehicle.

17. Audi has been damaged by APR's breach in the amount of not less than $122,052.87, exclusive of interest and costs.

WHEREFORE, premises considered, Audi is entitled to judgment against APR in the amount of $122,052.87, plus interest and costs, and for such further and different relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

18. The allegations in paragraphs 1-8 and 10-13 are incorporated by reference as if fully set forth herein.

19. Audi conferred a benefit on APR by sending to APR parts and equipment for use with the Vehicle.

20. APR had knowledge that Audi was conferring this benefit on it.

21. APR has accepted, retained, and used the parts and equipment delivered by Audi.

5/34570.1

22. APR has not paid Audi the entire amount owed for the parts and equipment delivered by Audi. ARP has used and continues to use the parts and equipment in connection with the operation of the Vehicle.

WHEREFORE, premises considered, Audi is entitled to judgment against APR in an amount not less than the value of the parts and equipment delivered but not paid for, to wit, not less than $122,052.87.

As a result of the matters alleged in this Complaint, Audi demands judgment against APR in the amount of $122,052.87, plus interest and costs, and any other relief to which Audi is entitled under law or equity, as ordered by the Court.

Respectfully submitted,

*/s/ Michael S. Koplan*

Michael S. Koplan (VA Bar # 32893)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Fax: (202) 347-1684
E-mail: mkoplan@babc.com
*Attorneys for Audit of America, Inc.*

OF COUNSEL:

Dylan C. Black (to be admitted *pro hac vice*)
Anne Knox Averitt (to be admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Facsimile: (205) 521-8800

5/34570.1